397 P.2d 67

**AMERICAN SMELTING & REFINING COMPANY, Plaintiff,**

v.

**STATE TAX COMMISSION of Utah,**

Respondent.

No. 10084.

Supreme Court of Utah.

Dec. 4, 1964.

Ray, Quinney & Nebeker, C. Preston Allen, Merlin O. Baker, Salt Lake City, for plaintiff.

A. Pratt Kesler, Atty. Gen., Del B. Rowe, Asst. Atty. Gen., Salt Lake City, for respondent.

CALLISTER, Justice.

Plaintiff seeks review of an order of the State Tax Commission denying plaintiff's claim for a refund. The Commission held that the claim was barred by the three-year statute of limitations.[1]

On December 31, 1956, plaintiff requested an extension of time from the due date of April 15, 1957, to October 15, 1957, in which to file its corporation franchise tax return for the calendar year ending December 31, 1956. The Commission, pursuant to 59–13–25(2), U.C.A.1953, granted plaintiff an extension to October 15, 1957, in which to file its return and *pay* the tax. Subsequently, plaintiff made advance payments on April 10, June 7, and September 11, 1957. On October 14 it filed its return and made final payment of the tax due.

Subsequently, on September 16, 1960, the Internal Revenue made an adjustment in the net income as reported by plaintiff in its federal return for the year 1956. The adjustment was in plaintiff's favor. On November 25, 1960, plaintiff reported this adjustment to the Commission and filed its claim for refund.

■ Plaintiff's first contention is that its claim was filed within the three-year period. It contends that where a taxpayer elects to pay its franchise tax in four quarterly instalments, the three-year statute begins to run from the due date of the last quarterly

1. 59–13–43(2), U.C.A.1953: "No such credit or refund shall be allowed or made after three years from the time the tax was *paid*, unless before the expiration of such period a claim therefor is filed with the tax commission by the taxpayer." (Emphasis added.)

instalment (December 15.)[2] However, the plaintiff did not see fit to make an election to pay its tax in such a manner. It requested, and was granted, an extension in which to file its return. The election to pay in instalments relates only to those taxpayers who file their return on April 15. The period of limitation began to run in this case on October 14, 1957, the date plaintiff paid the amount of tax then due. The fact that plaintiff, without any statutory compulsion, had seen fit to make periodical payments does not alter the situation. It was obligated under the terms of the extension granted by the Commission not only to file its return but also to pay the tax on October 15, 1957.

■ Finally, plaintiff argues that when, as here, the net income reportable to the Federal Government is changed or adjusted and is reported to the Commission, the period for assessment of deficiencies or claims for refunds is extended for a reasonable time after such change or adjustment is reported. This contention is premised on Sec. 59–13–40, U.C.A.1953 which provides:

"Except as provided in section 59–13–41, the amount of taxes imposed by this chapter shall be assessed within three years after the return was filed, and not [no] proceeding in the court without assessment for the collection of such taxes shall be begun after the expiration of such period.

"If the amount of net income for any year of any corporation as returned to the United States treasury department is changed or corrected by the commissioner of internal revenue or other officer of the United States or other competent authority, or where a renegotiation of a contract or sub-contract with the United States results in a change in net income, such taxpayer shall report such change or corrected net income within ninety days after the final determination of such change or correction as required to the state tax commission, and shall concede the accuracy of such determination or state wherein it is erroneous. Any corporation filing an amended return with such department shall also file, within ninety days thereafter, an amended return with the state tax commission which shall contain such information as it shall require.

"If a corporation shall fail to report a change or correction by the commissioner of internal revenue or other officer of the United States or other competent authority or shall fail to file an amended return, any deficiency resulting from such adjustments may be assessed and collected within three years

2. 59–13–25(1), U.C.A.1953, permits a taxpayer *who has filed a return* by April

15 following the taxable year to pay its tax in four quarterly instalments.

after said change, correction or amended return is reported to or filed with the federal government.

"If any corporation agrees with the United States commissioner of internal revenue for an extension, or renewals thereof, of the period for proposing and assessing deficiencies in federal income tax for any year, the period for mailing notices of proposed deficiency tax for such year shall be three years after the return was filed or six months after the date of the expiration of the agreed period for assessing deficiencies in federal income tax, whichever period expires the later."

The last three paragraphs of this section were added by an amendment enacted by the 1957 legislature.[3]

Under the clear wording of this statute, if the corporate taxpayer fails to report a change or correction within ninety days, the statute of limitations is extended three years from the time of such change or correction, if it results in a deficiency.

It is the position of plaintiff that, while the statute does not so provide it was the intention of the legislature that where a taxpayer reports a change, then the Commission is entitled to assess any deficiency resulting therefrom or the taxpayer is entitled to a refund if an overpayment is disclosed—this, regardless of the three-year statute of limitation. Plaintiff suggests that in such a situation the statute of limitation would be extended for a reasonable length of time after the change is reported.

To support its position, plaintiff cites the title [4] to the 1957 act, the pertinent parts of which read:

"An Act Amending Sections * * * 59–13–40, Utah Code Annotated 1953 * * * and Further Providing that for the Purpose of Re-Computing the Franchise Tax Because of Adjustments on Tax Returns Filed with the Federal Government, the Statute of Limitations Shall be Extended Beyond Three Years."

■ The title of an act may possibly be used under certain circumstances in construing a statute, if the latter is ambiguous. However, it cannot be used to control the plain meaning of the statute.[5]

■ The statute before us is clear and unambiguous. It is not for this Court to supplement it with provisions which plaintiff urges should have been incorporated by the legislature.

Affirmed. Costs to defendant.

HENRIOD, C. J., and McDONOUGH, CROCKETT, and WADE, JJ., concur.

3. Laws of Utah 1957, Ch. 123.
4. Plaintiff, in its brief, erroneously refers to it as a "preamble."
5. Sutherland on Statutory Construction, 3rd Ed., § 4802.